DANIEL CASILLAS, ESQ., SBN 110298
Attorney at Law
101 West Broadway, Suite 1950
San Diego, California 92101
Tel:  (619) 237-3777
Fax: (619) 238-9914
Email: dcesq1@sbcglobal.net

Attorney for Defendant

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HONORABLE BARRY T. MOSKOWITZ)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>JOSE MANUEL MARENTES-PICO,<br><br>            Defendant. | Criminal Case No. 07CR2917-BTM<br><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |

## I

## MOTION FOR DISCOVERY AND INSPECTION

Defense counsel has received some discovery in this case.  However, in order to insure that the government will comply with its discovery obligations, Mr. Marentes-Pico moves for the production by the government of the following discovery and for the preservation of evidence.  The Court should order the government through its Assistant United States Attorney to disclose and produce, and to permit the Defendant to inspect, copy, photograph and/or photocopy each of the following items of evidence which through due diligence may become known to the government or its agents.  This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989), see also Kyles v. Whitley, 514 U.S. 419 (1995).

**STATEMENTS OF DEFENDANT - Fed. R. Crim. P. 16(a)(1)(A) and (B)**

1.  Copies; transcripts, <u>United States v. Brodie</u>, 871 F.2d 125 (D.C. Cir. 1989); <u>United States v. Gee</u>, 695 F.2d 1165 (9th Cir. 1983); summaries, <u>United States v. McClure</u>, 734 F.2d 484, 492 (10th Cir. 1984); <u>United States v. Curry</u>, 278 F. Supp. 508, 514 (N.D. Ill. 1967); and/or government reports or notes, <u>United States v. Koskerides</u>, 877 F.2d 1129, 1133 (2d Cir. 1989); <u>United States v. Harris</u>, 543 F.2d 1247 (9th Cir. 1976); <u>United States v. Harrison</u>, 524 F.2d 421, 431-432 (D.C. Cir. 1975) of:

(a) any written or recorded statements, including audio or video recordings, made by the defendant to any person, including persons who are not government agents, that are within the possession, custody or control of the government, <u>United States v. Scafe</u>, 822 F.2d 928 (10th Cir. 1987); <u>United States v. Caldwell</u>, 543 F.2d 1333, 1352-1353 (D.C. Cir. 1974), <u>cert. denied</u>, 423 U.S. 1087 (1976); <u>United States v. Bryant</u>, 439 F.2d 642 (D.C. 1971), <u>aff'd</u>, 448 F.2d 1182 (D.C. 1971). In particular, Mr. Marentes-Pico requests a copy of any audio-taped recording of the alleged deportation hearing;

(b) the substance of any oral statement made by the defendant whether before or after arrest to any attorney for the government or to a person known by the defendant to be a government agent or law enforcement officer, including probation, parole or state police officers, <u>see</u> <u>United States v. Mitchell</u>, 613 F.2d 779, 781 (10th Cir.), <u>cert. denied</u>, 445 U.S. 919 (1980), which the government intends to offer in evidence at the trial or which are of any relevance to this prosecution;

(c) the substance of any oral statement made to any person which goes to any element of the offense, <u>United States v. Ible</u>, 630 F.2d 389, 395-397 (5th Cir. 1980); and

(d) the substance of any statements made by the defendant in response to <u>Miranda</u> type warnings, <u>United States v. McElroy</u>, 697 F.2d 459, 465-466 (2d Cir. 1982).

2.  The defendant requests that the government be ordered to render all relevant aid which is reasonably available to ascertain the precise substance of any defendant's statements.  The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal **all** the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

07CR2917-BTM

1    **DEFENDANT'S PRIOR CRIMINAL RECORD - Fed. R. Crim. P. 16(a)(1)(D)**

2        3.  A full and complete record of the defendant's prior criminal record, if any, including the

3    disposition of cases.

4    **DOCUMENTS AND TANGIBLE OBJECTS - Fed. R. Crim. P. 16(a)(1)(E)**

5        4.      Mr. Marentes-Pico requests a legible copy of all items detailed as discoverable under

6    Fed. R. Crim. P. 16(a)(1)(E), from whatever source these may have derived.  Specifically, a copy of

7    and/or description of an item or document seized from the person or property of Mr. Marentes-Pico

8    must be provided, as must a copy of any item or document which the government will introduce at

9    trial or at a hearing upon any motion filed in this case.  Should any item covered by this request not

10   be copied and provided, Mr. Marentes-Pico requests notice thereof to his counsel, so that an

11   inspection of said item may be arranged.

12   **EXPERT WITNESSES - Fed. R. Crim. P. 16(a)(1)(G)**

13       5.  Mr. Marentes-Pico requests disclosure of the identity and qualifications of any expert

14   witnesses whom the United States intends to use.  Pursuant to Fed. R. Crim. P. 16(a)(1)(G), a written

15   summary of the testimony of any person the government intends to call as an expert witness in its

16   case in chief is also requested.  This summary should include a description of the witness' opinions,

17   as well as the bases and the reasons for the opinions.  See United States v. Duvall, 272 F.3d 825

18   (7thCir. 2001) (finding that government's written expert notice did not adequately summarize or

19   describe police detective's testimony in drug prosecution where notice provided only a list of the

20   general subject matters to be covered and failed to identify what opinion the expert would offer on

21   those subjects).  This request includes, but is not limited to, disclosure of the qualifications of any

22   government witness who will testify that he understands and/or speaks Spanish or any other foreign

23   language that may have been used during the course of an interview with the defendant or any other

24   witness.

25       The defense requests the notice of expert testimony be provided at a minimum of three

26   weeks prior to trial so that the defense can properly prepare to address and respond to this testimony,

27   including obtaining its own expert and/or investigating the opinions, credentials of the government's

28   expert and obtaining a hearing in advance of trial to determine the admissibility of qualifications of

07CR2917-BTM

1   any expert.  See Kumho v. Carmichael Tire Co., 526 U.S. 137, 119 S.Ct. 1167, 1176 (1999) (trial

2   judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such

3   determinations may require "special briefing or other proceedings").

**BRADY MATERIAL**

6.  The defendant requests all documents, statements, agents' reports, and tangible evidence
favorable to the defendant on the issue of guilt and/or which affects the credibility of the
government's case.  Impeachment as well as exculpatory evidence falls within Brady's definition of
evidence favorable to the accused.  United States v. Bagley, 473 U.S. 667 (1985); United States v.
Agurs, 427 U.S. 97 (1976);

**ARREST REPORTS, NOTES AND DISPATCH TAPES**

7.  The defendant also specifically requests that all arrest reports, notes and dispatch or any
other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports
have not already been produced in their entirety, be turned over to him.  This request includes, but is
not limited to, any rough notes, records, reports, transcripts or other documents in which statements
of the defendant or any other discoverable material is contained.  This is all discoverable under Fed.
R. Crim. P. 16(a)(1)(A) and (B), and Brady v. Maryland, 373 U.S. 83 (1963).  See also United States
v. Lewis, 511 F.2d 798 (D.C. Cir. 1975);  Loux v. United States, 389 F.2d 911 (9th Cir.), cert.
denied, 393 U.S. 867 (1968).  Arrest reports, investigator's notes, memos from arresting officers,
dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available
under Fed. R. Crim. P. 16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(i).  Preservation of rough
notes is requested, whether or not the government deems them discoverable;

**EVIDENCE SEIZED - Fed. R. Crim. P. 16(a)(1)(E)**

8.  Evidence seized as a result of any search, either warrantless or with a warrant, is
discoverable under Fed. R. Crim. P. 16(a)(1)(E);

**REQUEST FOR PRESERVATION OF EVIDENCE**

9.  The defendant specifically requests that all dispatch tapes or any other physical evidence
that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the
government and which relate to the arrest or the events leading to the arrest in this case be

4

1    preserved.  This request includes, but is not limited to, any samples used to run any scientific tests,

2    any narcotics, the results of any fingerprint analysis, the vehicle involved in this case, if any, the

3    defendant's personal effects, and any evidence seized from any third party.  This request also

4    includes any material or percipient witnesses who might be deported or otherwise likely to become

5    unavailable (e.g., undocumented aliens and transients).

6        It is requested that the government be ordered to <u>question</u> all the agencies and individuals

7    involved in the prosecution and investigation of this case to determine if such evidence exists, and if

8    it does exist, to inform those parties to preserve any such evidence;

9                        **GOVERNMENT COMMUNICATIONS TO DEFENDANT**

10        10.  Disclosure of whether any government agent, informer or anyone else acting at the

11    direction of the government has communicated with the defendant since the commencement of

12    adversarial proceedings against the defendant, the identification of such individuals and the details

13    surrounding the circumstances of such communications as well as the statements made by both the

14    defendant and the government agent.  <u>See generally</u> <u>Maine v. Moulton</u>, 474 U.S. 159 (1985); <u>United</u>

15    <u>States v. Henry</u>, 447 U.S. 264 (1980).

16                                **WITNESS STATEMENTS**

17        11.  Any witness statements at least twenty-four hours before the witness testifies at trial or

18    at any sentencing hearing, <u>see</u> <u>United States v. Rosa</u>, 891 F.2d 1074 (3d Cir. 1989), to enable the

19    defendant to conduct an adequate cross-examination of the witness.  This request includes, but is not

20    limited to:  prior testimony such as grand jury testimony, prior written statements, any witness'

21    reports or notes, any reports of prior oral statements and any prosecutor's notes concerning witness

22    statements which have been or may be adopted, approved or verified by the witness.  <u>Goldberg v.</u>

23    <u>United States</u>, 425 U.S. 94 (1976), <u>cert. denied</u>, 440 U.S. 973 (1979).

24        12.  The defendant also requests that the Court order the government to produce all

25    exculpatory witness statements as well as negative exculpatory witness statements, <u>Jones v. Jago</u>,

26    575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978) (statements of informed witnesses

27    which do not mention the defendant).  The defendant further requests the Court to order the

28    government to produce any evidence concerning narcotics habits or psychiatric treatment of its

1  witnesses.  The defendant asks that the Court order an inspection of the personnel file of any

2  testifying government witness for impeachment material, and that any such information be produced

3  in advance of the witness' testimony.  United States v. Cadet, 727 F.2d 1453, 1467-1468 (9th Cir.

4  1984); United States v. Gross, 603 F.2d 757, 759 (9th Cir. 1979); United States v. Garrett, 542 F.2d

5  23, 26-27 (6th Cir. 1976); United States v. Austin, 492 F. Supp. 502, 505-06 (N.D. Ill. 1980).

6  **STATEMENTS OF INDIVIDUALS WHO WILL NOT BE WITNESSES**

7  13.  Any statements, whether written, oral, or video or audio recorded, of percipient

8  witnesses or individuals who may have information relevant to the case who the government does

9  not intend to call as a witness at the trial.  See generally United States v. Thevis, 84 F.R.D. 47 (N.D.

10  Ga. 1979).

11  **INFORMANTS AND COOPERATING WITNESSES**

12  14.  There is no indication at this point that any informant was involved in any way with the

13  investigation or arrest of Mr. Marentes-Pico.  However, to protect the defendant's rights, Mr.

14  Marentes-Pico hereby requests notice of the existence and identity of any informant in this case who

15  was a percipient witness to or participated in the alleged offense.  Roviaro v. United States, 353 U.S.

16  53 (1957); United States v. De Los Santo, 810 F.2d 1326 (5th Cir.), cert. denied, 484 U.S. 978

17  (1987).

18  15.  With regard to request number 15, the defendant asks that the Court order the govern-

19  ment to:  (1) provide the defendant with information to locate or contact any informant, (2) produce

20  any informant at a time and place ordered by the Court for an interview with defense counsel, United

21  States v. Williams, 496 F.2d 378, 382 (1st Cir. 1974); Velarde-Villarreal v. United States, 354 F.2d

22  9 (9th Cir. 1965); and (3) produce any informant at trial at the defendant's request, United States v.

23  Tornabene, 687 F.2d 312, 315-316 (9th Cir. 1982).  The defendant also requests that the Court order

24  the government to produce:  (1) the prior criminal record of any informant, United States v. Auten,

25  632 F.2d 478 (5th Cir. 1980); United States v. Alvarez-Lopez, 559 F.2d 1155 (9th Cir. 1977);  (2)

26  any promises of immunity or consideration made to any informant, Giglio v. United States, 405 U.S.

27  150 (1972); United States v. Mayer, 556 F.2d 245 (5th Cir. 1977); (3) the identification of any

28  informant's prior testimony, Johnson v. Brewer, 521 F.2d 556, 562-564 (8th Cir. 1975); (4) any

6

1  evidence of psychiatric treatment of any informant, <u>United States v. Lindstrom</u>, 698 F.2d 1154 (11th

2  Cir. 1983); <u>United States v. Partin</u>, 493 F.2d 750, 762-64 (5th Cir. 1974), <u>cert. denied</u>, 434 U.S. 903

3  (1977); and (5) any evidence of narcotic habits of any informant, <u>United States v. Fowler</u>, 465 F.2d

4  664 (D.C. Cir. 1972).

5  <div align="center">**BIAS BY INFORMANTS OR COOPERATING WITNESSES**</div>

6  16.  The defendant requests disclosure of any information indicating bias on the part of any

7  informant or cooperating witness.  <u>Giglio v. United States</u>, 405 U.S. 150 (1972).  Such information

8  would include what, if any, inducements, favors, payments or threats were made to the witness to

9  secure cooperation with the authorities.

10  <div align="center">**ELECTRONIC SURVEILLANCE**</div>

11  17.  Any electronic surveillance logs and transcripts concerning the defendant and/or any

12  witness.  <u>United States v. Brodie</u>, 871 F.2d 125, 128 (D.C. Cir. 1989); <u>United States v. Taylor</u>, 707

13  F. Supp. 696, 702 (S.D.N.Y. 1989); <u>United States v. Konefal</u>, 566 F. Supp. 698, 707 (N.D.N.Y.

14  1983).  This request would include documents such as Federal Bureau of Investigation "airtels" or

15  interoffice memoranda relating to any monitored conversations. <u>United States v. Alderisio</u>, 424 F.2d

16  20 (10th Cir. 1970).

17  <div align="center">**ANY INFORMATION THAT MAY RESULT IN A LOWER SENTENCE**</div>

18  18.  This information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This

19  request includes any cooperation or attempted cooperation by the defendant, as well as any

20  information that could affect any base offense level or specific offense characteristic under Chapter

21  Two of the U.S.S.G.  Also included in this request is any information relevant to a Chapter Three

22  adjustment, a determination of the defendant's criminal history, or any other application of the

23  U.S.S.G.

24  <div align="center">**ANY PROPOSED 404(B) EVIDENCE**</div>

25  19.  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and

26  Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused,

27  the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ."

28  of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  Sufficient

07CR2917-BTM

1   notice requires the government to "articulate <u>precisely</u> the evidential hypothesis by which a fact of

2   consequence may be inferred from the other acts evidence." <u>United States v. Mehrmanesh</u>, 689 F.2d

3   822, 830 (9th Cir. 1982) (emphasis added); see also <u>United States v. Brooke</u>, 4 F.3d 1480, 1483 (9th

4   Cir. 1993)(reaffirming <u>Mehrmanesh</u> and reversing convictions).

5       This includes any "TECS" records (records of prior border crossings) that the government

6   intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal.  Although there is

7   nothing intrinsically improper about prior border crossings, they are nonetheless subject to 404(b),

8   as they are "other acts" evidence that the government must produce before trial.  <u>United States v.</u>

9   <u>Vega</u>, 188 F.3d 1150, 1154-55 (9th Cir. 1999).

10      The defendant requests that such notice be given three weeks before trial in order to give the

11  defense time to adequately investigate and prepare for trial.

12                  **EVIDENCE OF BIAS OR MOTIVE TO LIE**

13      20.  The defendant requests any evidence that any prospective government witness is biased

14  or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

15  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988),

16  <u>cert. denied</u>, 489 U.S. 1032 (1989).

17                      **IMPEACHMENT EVIDENCE**

18      21.  The defendant requests any evidence that any prospective government witness has

19  engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has

20  made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613. Such evidence is

21  discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d

22  1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965)

23  (evidence that detracts from a witness' credibility).

24     **EVIDENCE OF CRIMINAL INVESTIGATION OF ANY GOVERNMENT WITNESS**

25      22.  The defendant requests any evidence that any prospective witness is under investigation

26  by federal, state or local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425

27  (2d Cir.), <u>cert. denied</u>, 474 U.S. 945 (1985).

28         **EVIDENCE AFFECTING PERCEPTION, RECOLLECTION, ABILITY TO**

07CR2917-BTM

**COMMUNICATE, OR VERACITY**

23.  The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

**WITNESS ADDRESSES**

24.  The defendant requests the name and last known address of each prospective government witness.  See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses), cert. denied, 444 U.S. 1034 (1980).  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.  United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

**NAME OF WITNESSES FAVORABLE TO THE DEFENDANT**

25.  The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged.  Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

**JENCKS ACT MATERIAL**

26.  The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2, reasonably in advance of trial, or motions hearing, including dispatch tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1).  Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States v.

9

07CR2917-BTM

1  Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks material

2  when an agent reviews notes with the subject of the interview); see also United States v. Riley, 189

3  F.3d 802, 806-08 (9th Cir. 1999).  Advance production will avoid the possibility of delay of the

4  motion hearing or trial to allow the defendant to investigate the Jencks material.  The defense

5  requests pre-trial production of Jencks material to expedite cross-examination and to avoid

6  unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly any

7  Jencks statements during cross-examination.

8                           **GIGLIO INFORMATION**

9        27.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all

10  statements and/or promises, express or implied, made to any government witnesses, in exchange for

11  their testimony in this case, and all other information which could arguably be used for the

12  impeachment of any government witnesses.

13            **AGREEMENTS BETWEEN THE GOVERNMENT AND WITNESSES**

14        28.  The defendant requests discovery regarding any express or implicit promise,

15  understanding, offer of immunity, of past, present, or future compensation, or any other kind of

16  agreement or understanding, including any implicit understanding relating to criminal or civil

17  income tax, forfeiture or fine liability, between any prospective government witness and the

18  government (federal, state and/or local).  This request also includes any discussion with a potential

19  witness about or advice concerning any immigration benefits, any contemplated prosecution, or any

20  possible plea bargain, even if no bargain was made or the advice not followed.

21   **PERSONNEL RECORDS OF GOVERNMENT OFFICERS INVOLVED IN THE ARREST**

22        29.  The defendant requests all citizen complaints and other related internal affairs

23  documents involving any of the immigration officers or other law enforcement officers who were

24  involved in the investigation, arrest and interrogation of him, pursuant to Pitchess v. Superior Court,

25  11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of these documents, defense counsel

26  will not be able to procure them from any other source.

27       **GOVERNMENT EXAMINATION OF LAW ENFORCEMENT PERSONNEL FILES**

28        30.  The defendant requests that the Assistant United States Attorney ("AUSA") assigned to

10

07CR2917-BTM

1   this case personally conduct, or at the least personally oversee, a review of all personnel files of each

2   agent involved in the present case for impeachment material.  See Kyles v. Whitley, 514 U.S. 437,

3   438 (1995) (holding that 'the individual prosecutor has a duty to learn of any favorable evidence

4   known to the others acting on the government's behalf in the case, including the police"); United

5   States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  This request includes, but is not limited to, any

6   complaints filed (by a member of the public, by another agent, or any other person) against the

7   agent, whether or not the investigating authority has taken any action, as well as any matter for

8   which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately

9   recommended, and for evidence of perjurious conduct or other like dishonesty, or any other material

10  relevant to impeachment, or any information that is exculpatory.

11          This Court should therefore order the government to review all such files for all testifying

12  witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr.

13  Marentes-Pico prior to trial.  Mr. Marentes-Pico specifically requests that the prosecutor, not the law

14  enforcement officers, review the files in this case.  The duty to review the files, under Henthorn,

15  should be the prosecutor's and not the officers'.  Only the prosecutor has the legal knowledge and

16  ethical obligations to fully comply with this request.

17          The defendant further requests production of any such information at least one week prior to

18  the motion hearing and two weeks prior to trial.  If the prosecutor is uncertain whether certain

19  information should be disclosed pursuant to this request, this information should be produced to the

20  Court in advance of the motion hearing and the trial for an in camera inspection.

21                          **TRAINING OF RELEVANT LAW ENFORCEMENT OFFICERS**

22          31.  Defendant requests copies of all written, videotaped or otherwise recorded policies or

23  training instructions or manuals issued by all law enforcement agencies involved in the case (United

24  States Customs Service, Border Patrol, INS, Department of Homeland Security, etc.) to their

25  employees regarding: (a) the handing of vehicles suspected to be transporting contraband across the

26  port of entry; (b) the referral to secondary inspection of persons within those vehicles; (c) the

27  detention of individuals within those vehicles; (d) the search of those vehicles and the occupants of

28  those vehicles, including the proper means of obtaining consent to search and what constitutes

consent to search; (e) the informing of suspects of their Constitutional rights; (f) the questioning of suspects and witnesses. Defendant also requests all written or otherwise attainable information regarding the training of Customs agents at ports of entry in California to detect or discover narcotics or illegal aliens in vehicles entering the United States, including any training offered to Border Patrol, INS, ICE, or officers of Homeland Security Department, by the DEA or other law enforcement agencies or individuals.

### PERFORMANCE GOALS AND POLICY AWARDS

32. Defendant requests disclosure of information regarding standards used for measuring, compensating or reprimanding the conduct of all law enforcement officers involved in the case (Customs, Border Patrol, INS, etc.) to the extent such information relates to the detection of contraband. This request specifically includes information concerning performance goals, policy awards, and the standards used by Customs for commending, demoting, or promoting agents for their performance at the port of entry and their success or failure to detect illegal narcotics in general.

### OPPORTUNITY TO WEIGH, VIEW AND PHOTOGRAPH THE CONTRABAND

33. Defendant hereby requests an opportunity to view, photograph, and weigh the contraband allegedly confiscated in this case.

### DEA 7 FORM

34. Defendant requests a copy of the DEA 7 form which should indicate the alleged weight and purity of the contraband in this case.

### TECS REPORTS

35. Defendant requests all TECS reports, including reports pertaining to all vehicle border crossings pertaining to the vehicle used in this case and any vehicles pertaining to Defendant, as well as an explanation of TECS provided.

### REPORTS OF EXAMINATIONS OR TESTS - Fed. R. Crim. P. 16(a)(1)(F)

36. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the defendant requests the reports of all tests and examinations conducted upon the evidence in this case. Including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody,

1  or control of the government, the existence of which is known, or by the exercise of due diligence

2  may become known, to the attorney for the government, and which are material to the preparation of

3  the defense or are intended for use by the government as evidence in chief at the trial.

4  <center>**NARCOTICS DETECTOR DOG INFORMATION**</center>

5      37.  Defendant moves for production of all discoverable information about any Narcotics

6  Detector Dogs (NDDs) used in this case, including information regarding: (a) the qualifications of

7  the NDDs and their handlers, (b) the training and experience of the NDDs and their handlers, (c) the

8  government's procedures regarding the treatment, training and rewarding of the NDDs, (d) a

9  detailed description of the exact method the NDDs in this case used to indicate an "alert" to

10  contraband, (e) the location of the NDD and the vehicle when the NDD alerted, and (f) the NDD's

11  reliability.

12      Because this information is material to the search of defendant and the arrest, it should be

13  produced.  See United States v. Lingenfelter, 997 F.2d 632, 639 (9th Cir. 1993) (dog sniff may serve

14  as probable cause but only if the reliability of the dog is established);  United States v. Spetz, 721

15  F.2d 1457, 1464 (9th Cir. 1983) ("A validly conducted dog sniff can supply the probable cause

16  necessary. . . only if sufficient reliability is established"); United States v. Beale, 674 F.2d 1327,

17  1335 n.14 (9th Cir. 1982) ("[T]he Government must establish the dog's reliability as part of its

18  showing to support. . . a finding of probable cause."), vacated, 463 U.S. 1202 (1983); see also

19  United States v. Rivas, 157 F.3d 364 (5th Cir. 1998).

20  <center>**RESIDUAL REQUEST**</center>

21      38.  Mr. Marentes-Pico intends, by way of the above requests, to invoke each and all his

22  rights to discovery under the United States Constitution, the Federal Rules of Criminal Procedure

23  and Evidence, case law, and any and all applicable statutes.  This request specifically includes all

24  subsections of Rule 16.  The defendant requests that the government provide the defense with the

25  above requested material sufficiently in advance of trial.

26  <center>**II**</center>

27  <center>**FOR LEAVE TO FILE FURTHER MOTIONS**</center>

28      The defendant respectfully requests this court grant him leave to file further motions based

<center>13</center>

1  upon receipt of additional information, evidence or discovery occurring prior, during or after this

2  motion date.

3                                               **III**

4                                          **CONCLUSION**

5          All of the above items requested are within the exclusive control of the federal government,

6  or other agencies acting in conjunction with the federal government, and since the defendant and

7  defense counsel have no executive power, the materials requested herein are unavailable to the

8  defendant.   For the foregoing reasons, it is respectfully requested that this court grant the motions

9  stated herein.

10 Dated: October 24, 2007                          Respectfully submitted,

11

12                                           *s/DANIEL CASILLAS*
                                            DANIEL CASILLAS
13                                          Attorney for Defendant
                                            JOSE MANUEL MARENTES-PICO
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   DANIEL CASILLAS, ESQ., SBN 110298
    Attorney at Law
2   101 West Broadway, Suite 1950
    San Diego, CA 92101
3   Tel: (619) 237-3777
    Fax: (619) 238-9914
4   Email: dcesq1@sbcglobal.net

5   Attorney for Defendant

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10  UNITED STATES OF AMERICA,              Criminal Case No. 07CR2917-BTM

11                          Plaintiff,
                                          **CERTIFICATE OF SERVICE**
12  vs.

13  JOSE MANUEL MARENTES-PICO,

14                          Defendant.

15

16          I, the undersigned, declare:  That I am over eighteen years of age, a resident the County of

17  San Diego, State of California, and I am not a party in the within action;   That my business address

18  is: 101 West Broadway, Suite 1950, San Diego, CA 92101.

19          That I caused to be served the within **NOTICE OF MOTIONS AND MOTIONS TO**

20  **COMPEL DISCOVERY;  AND FILE FURTHER MOTIONS**, on the Untied States Attorney's

21  Office, by electronically filing the document with the Clerk of the United States District Court for

22  the Southern District of California, 880 Front Street, San Diego, California 92101, using its ECF

23  System, which electronically notifies them.

24          I certify that the foregoing is true and correct.  Executed on October 24, 2007, at San Diego,

25  California.

26                                          _s/DANIEL CASILLAS_____
                                            DANIEL CASILLAS
27                                          Attorney for Defendant

28

                                    15
                                                                      07CR2917-BTM